PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1998 Ford Mustang struck chunks of concrete on 1-64 as he was traveling under the 5th Street Bridge in Huntington, Cabell County. 1-64 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximatelyl 1:30 a.m. on August 2, 2008. Claimant was traveling through a curve at approximately sixty-five to seventy miles per hour when his vehicle struck chunks of concrete on the road. Claimant stated that the chunks were scattered across the road, and he was unable to avoid them because there was a vehicle in the other lane of traffic. Since there was a shadow cast off the bridge and onto the interstate, claimant did not see the chunks of concrete before his vehicle struck them. He testified that the largest chunk of concrete was the size of a soccer ball. As a result of this incident, claimant’s vehicle sustained damage to its converter assembly, tire, and muffler assembly in the amount of $2,497.41. Claimant had liability insurance at the time of the incident.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-64 under the 5th Street Bridge. Charlene Pullen, 1-64 supervisor for respondent, testified that she schedules all routine maintenance on 1-64. *20 The DOH-12, a record of respondent’s daily work activities, indicates that concrete haunches from the bridge had fallen onto the interstate. Ms. Pullen stated that the concrete haunches connect to the steel beam and the concrete deck of the bridge to create a continuous piece. She stated that it is not possible for respondent to predict when a concrete haunch will fall. She explained that materials used to treat the road for snow and ice, coupled with the traffic, may cause the concrete haunches to deteriorate over time. When respondent received notice that the concrete haunches had fallen at this location, its crews responded immediately. The 5th Street Bridge was last inspected on March 21, 2009.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep ’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the potential deterioration of the concrete haunches on I-64 bridge and that this condition posed a hazard to the traveling public. Claimant had no knowledge that pieces of concrete would fall from the bridge presenting a hazard to him and other travelers on this section of roadway. Since his vehicle sustained damage through no fault on his part, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $2,497.41.
Award of $2,497.41.